IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30973

Summary Calendar
_____

GWENTINA INGRAM, on her own behalf and on behalf of others
similarly situated

Plaintiff - Appellant

v.

UNION CARBIDE CORPORATION

Defendant - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 01-0596
_____

March 21, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

After removal to the federal district court of Plaintiff-Appellant Gwentina Ingram's class action, which claims damages under Louisiana law for injuries due to ethylene exposure, Ingram appeals the district court's order denying her motion to remand

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the class action to state court.  For the following reason, we dismiss the appeal.

## I.  FACTUAL AND PROCEDURAL HISTORY

On March 12, 2001, Plaintiff-Appellant Gwentina Ingram filed a class action in Louisiana state court alleging that Defendant-Appellee Union Carbide Corporation ("Union Carbide") was negligent under Louisiana law in emitting ethylene from its chemical plant.  On March 7, 2001, Union Carbide removed the class action to federal district court based on diversity of citizenship, pursuant to 28 U.S.C. § 1441(a) (1994).  On April 2, 2001, Ingram filed a motion to remand the class action to state court, alleging that removal to federal court pursuant to § 1441(a) was improper because her claimed damages fail to exceed $75,000, the minimum amount that is required to be "in controversy" in order to establish a federal court's original jurisdiction over a claim based on diversity of citizenship.  See 28 U.S.C. § 1332(a) (1994 & Supp. 2001).

On July 19, 2001, the district court issued an order denying the motion to remand.  The district court also certified its order denying the motion to remand for interlocutory appeal to this court, pursuant to 28 U.S.C. § 1292(b) (1994).  On August 21, 2001, in light of that certification, a motions panel of this court authorized Ingram to appeal the district court's order denying her motion to remand the action to state court.

2

## II. JURISDICTION OVER THE INTERLOCUTORY APPEAL

Union Carbide contends that this court has no jurisdiction to hear an interlocutory appeal from the district court's order denying Ingram's motion to remand.  This court has discretion to exercise jurisdiction over an interlocutory appeal from a district court's order denying a motion to remand, which is not a final order, only if the district court certifies its order for appeal to this court properly pursuant to 28 U.S.C. § 1292(b).[2] Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg [sic] v. Am. Home Ins. Group, 876 F.2d 1157, 1160 (5th Cir. 1989).  Section 1292(b) requires the district court to deem the following criteria satisfied to properly certify an order for interlocutory appeal: that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b) (emphasis added).

In his written certification order, dated July 19, 2001, the district judge struck the words "substantial" and "materially" from the language of the certification.  The district court's certification reads as follows:

---

[2]  Interlocutory appeal to this court is not automatically granted based on the district court's certification of an order for appeal pursuant to § 1292(b).  We have discretion to decline jurisdiction over such appeals notwithstanding a district court's proper certification.  See 28 U.S.C. § 1292(b).

3

> [T]his Court is of the opinion that this order [denying remand] involves a controlling question of law as to which there is ~~substantial~~ ground for difference of opinion and that an immediate appeal from the order may ~~materially~~ advance the ultimate termination of this litigation.  Therefore, this Court certifies this ORDER as immediately appealable in accordance with 28 U.S.C. § 1292(b).

The district court order fails on its face to certify that the amount-in-controversy question at issue satisfies the substantive requirements of § 1292(b).  We consequently decline to exercise jurisdiction over interlocutory appeal of that question.

### III.  CONCLUSION

For the foregoing reason, the appeal is DISMISSED.

4